#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE MIDDLE DISTRICT OF GEORGIA
#### MACON DIVISION

| | | |
|---|---|---|
| **JEROME COAST, JR,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | NO. 5:24-CV-00333-MTT-CHW |
| | : | |
| **INTERNAL REVENUE SERVICE,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## ORDER

Presently pending before the Court is a Complaint filed by *pro se* Plaintiff Jerome Coast, Jr., an inmate presently incarcerated in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). On October 24, 2024, the Court ordered Plaintiff to (1) either pay the Court's filing fee in full or file a motion for leave to proceed *in forma pauperis* and (2) recast his Complaint on the Court's standard form. Plaintiff was given fourteen (14) days to comply, and he was advised that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this action. *See generally* ECF No. 3.

The time for compliance passed without a response from Plaintiff. As such, Plaintiff was ordered to respond and show cause why this case should not be dismissed for the failure to comply with the Court's previous orders and instructions. Plaintiff was also instructed that he must fully and timely comply with the Court's October 24th Order if he wished to proceed with this action. Plaintiff was given fourteen (14) days from November

26, 2024 to respond, and he was again warned that the failure to comply with the Court's orders and instructions would result in the dismissal of his Complaint. *See generally* ECF No. 4.

The time for compliance has again passed without a response from Plaintiff. As Plaintiff was previously warned, the failure to comply with the Court's orders and instructions is grounds for dismissing this case. This action is therefore **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

**SO ORDERED**, this 11th day of January, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.